### ROSALIE AND M. STUART v. OWEN DUFFY.

Decided March 21, 1900.

**Mistake in Deed—Latent Ambiguity—Evidence—Reformation.**

A deed purporting to convey lot 3, block 6, range 5, there being no such lot, and the only lot 3, block 6, owned by grantors being in range 4, presents a latent ambiguity, which may be explained, and the conveyance sustained, by parol evidence showing such lot in range 4 to have been intended, independent of any action to reform the instrument, and though such action might be barred by limitation.

APPEAL from Victoria. Tried below before Hon. JAMES C. WILSON.

*Fly & Hill,* for appellants.

*J. V. Vandenberge* and *Geo. M. Thurmond,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by appellants against Duffy in trespass to try title, to recover lot 3, block 6, range 4, east above the town of Victoria, and for rents and damages.

The appellee filed a general denial, not guilty, pleas of three, five, and ten years statutes of limitation; and specially pleaded that he held the land in controversy under a deed from R. H. Coleman, which conveyed lot 3, block 6, range 4; and that Coleman held under a deed executed by the appellants, conveying lot 3, block 6, range 5, east above the town, which deed is of date September 13, 1873, and which should have conveyed the title to the land in controversy, but by mistake gave "range 5" instead of "range 4;" and prayed that the mistake be corrected.

In response to appellee's pleas of limitation, the appellants pleaded that the land in controversy was the separate property of the appellant Mrs. Stuart, and that during the time of the possession of appellee she was a married woman; and pleaded laches and limitation to the action of appellee to correct mistake.

The case was tried in the court below before a jury, and a general verdict was returned in favor of the appellee.

We find the following facts: The appellants, by deed of date September 13, 1873, conveyed lot 3, block 6, range 5, east above the town, to R. H. Coleman. This deed was not properly acknowledged by Mrs. Stuart; but in connection therewith, there was offered in evidence an

instrument in effect ratifying and confirming the conveyance of September 13, 1873. This subsequent conveyance was of date April 24, 1877, executed by appellant to R. H. Coleman. This latter instrument was properly acknowledged, so as to convey the title of Mrs. Stuart. These conveyances correctly described the property in controversy, except that they give wrong range number; that instead of being range 5, it should have been range 4. There is evidence in the record which shows that it was the purpose and intention to convey to Coleman lot 3, block 6, range 4, east of the Gaudalupe River, above the town of Victoria; and that stating the range to be No. 5 instead of No. 4, was a mistake. The appellee holds under the conveyance from Coleman correctly describing the land in controversy.

Notwithstanding the questions raised by appellant's assignments of error, we think the judgment of the court below should be affirmed; even though it might be held that some of the assignments are correct as legal propositions, they should not be given effect so as to cause a reversal of the judgment; for we believe that, in view of evidence in the record, in connection with the description given in the deed to Coleman, that the error in stating the number of the range is a latent ambiguity, which is sufficiently accounted for and explained by the evidence. The ambiguity and uncertainty in description in this respect could be removed by evidence introduced under the general issue, independent of the cross-action to reform the instrument and to correct the mistake.

We have critically examined every assignment of error, and conclude that no reversible error is shown. Therefore, the judgment below is affirmed.

*Affirmed.*